Steven C. Vondran, [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone: (877) 276-5084
E-mail:  steve@vondranlegal.com

Attorney for Plaintiff:  *Paul Velgos*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL VELGOS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DR JAY AMIN, an individual, V WELLCELL, an unknow entity and DOES 1 – 10 inclusive.<br><br>Defendant(s) | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT**<br><br><br><br>**DEMAND FOR A JURY TRIAL** |

COMES NOW Paul Velgos ("Plaintiff"), hereby alleging as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, *17 U.S.C. §101 et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for

1
COMPLAINT

copyright infringement pursuant to *28 U.S.C. §1331* (federal question) and *28 U.S.C.§ 1338* (jurisdiction over copyright actions).

3. This Court has personal jurisdiction over Defendants because Defendants have downloaded, posted, publicly displayed and infringed Plaintiff's copyright, and caused damage in this jurisdiction.

4. On information and belief, Defendants also reside and do business in this jurisdiction and impermissibly profited from the use of Plaintiff's image in this jurisdiction.

5. Venue in this judicial district is proper under *28 U.S.C. §1391 et seq.* and in that this is the judicial district in which a substantial part of the acts and/or omissions giving rise to the claims are believed to have occurred and where personal jurisdiction otherwise exists as Defendants activities injured Plaintiff in this jurisdiction.

## PARTIES

6. Paul Velgos ("Plaintiff") is a professional fine art photographer who has licensed hundreds of images to many major companies for a variety of uses including for use in movies, television, books, magazines, websites, print wall decor, and much more.

7. Plaintiff's fine art photography can be viewed at https://www.velgos.com

8. Plaintiff's images costs substantial amounts of money to produce including

time and travel costs, equipment, editing time, and other costs. Many infringers don't think about this before copying and using Plaintiff's Works without authorization.

9. Plaintiff is routinely the victim of photo infringement having to pursue a multitude of photo infringers who would rather not pay for their images, choosing instead to ignore the copyright law (or often to profess ignorance to it).

10. To seek to protect his creative Works, his images are routinely watermarked and are copyright registered providing constructive notice of copyright protection to the public.

11. On information and belief, Defendants V WELLCELL are believed to be doing business in NEWPORT BEACH, California and have used Plaintiff's copyrighted image without consent and without a license in the State of California.

12. Defendant DR JAY AMIN is believed to have both a financial interest in the use and infringement of the unlicensed photography used on their website, and also had the ability to control, supervise and/or had the ability to prevent any infringement, but did not do so for their own financial gain.

13. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences

herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants, and all fictitiously named Defendants.

14. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all of Defendants agents, employees' officers, members, directors, and representatives, and each are alleged to be working as agents on behalf of the others.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates the allegations in paragraphs 1-14 above as if alleged herein.

16. Defendants operate a website known as https://www.rjcproperty.com. Defendants copied and posted Plaintiff's copyrighted image on their commercial website for the purposes of beautifying their website, attracting new customers and for their own financial gain.

17. Defendants knew or should have known that there was a watermarked image of a copyright symbol on the image itself. This negates any argument that the infringement is "*innocent*", and this blatant disregard of the watermark makes Defendant's use willful and in reckless disregard of Plaintiff's rights.

18. Plaintiff is the sole author and rights holder to the original photograph that was *willfully infringed* by Defendants) (the "Image"), a true and correct copy of the United States Copyright Registration is attached hereto as **Exhibit "A"** registration with registration number **VAU 1-112-877**.

19. This image was registered on 04/22/2012 which is before the infringement was discovered by Plaintiff, making attorney fees award and statutory damages applicable in this case.

20. **Exhibit "B"** is a true and correct copy of Defendant's unauthorized use of Plaintiff's image.

21. Defendant further alleges that the infringement in this case is indeed willful and malicious as Defendants prove they understand copyright law by displaying a copyright notice on the bottom of their website (See **Exhibit "C")** and yet infringement Plaintiff's work in a manner to suggest to the public that Plaintiff's copyrighted image is actually her copyrighted image. Thus, defendants cannot claim innocent infringement. Defendants have unlawfully copied, reproduced and publicly displayed Plaintiff's Image, without consent or authorization, *commercially* capitalizing of Plaintiff's copyrighted Work.

22. Plaintiff has never authorized the Defendant(s) to use the Image in any manner whatsoever, and no license is known to exist and none has been produced.

23. On information and belief, Defendants knew they did not have permission to use the Image on the Website for commercial purposes, or for any purposes, and willfully infringed Plaintiff's Image by consciously failing to obtain a proper commercial license, willfully infringing, and in reckless disregard of the rights of the photographer.

FIRST CAUSE OF ACTION

COPYRIGHT INFRINGEMENT

*[Against All Defendants]*

24. Plaintiff incorporates by reference and re-alleges all of the above paragraphs 1-24 of this Complaint, and all Exhibits as though fully stated herein.

25. Plaintiff is informed and believes and thereon alleges that the Defendants willfully violated the exclusive rights of Plaintiff original copyrighted work and infringed upon Plaintiff's copyrighted Image in violation of *Title 17 of the U.S. Code*, in that it copied, published, posted, distributed, displayed and otherwise held out to the public for commercial benefit, the original and unique Image owned by Plaintiff without Plaintiff's consent or authority, by using it in the Infringing manner on Defendant's Website.

26. There is no fair use of Plaintiff's work which is an original work of authorship.

27. Plaintiff did not consent to, authorize, permit, consent, or allow in any

manner Defendant's said use of Plaintiff's unique and original Image including for any copying, reproduction, distribution, or public display.

28. Plaintiff acted intentionally was aware that they were violating the law and intentionally infringing the copyright of Plaintiff as all works of authorship fixed in a tangible medium of expression are subject to copyright laws.

29. Defendants are presumed to know the law, and thus presumed to know the Images were copyrighted and were on actual and constructive notice of their infringement, given the watermark, and recklessly disregarded Plaintiff's rights.

30. Defendants did not seek any license or permission to obtain or use the photo Images which are verbatim copies, and substantially similar to Plaintiff's copyrighted work to which Defendants had access to, and did access for the purpose of misappropriating the image for their own commercial benefit.

31. Defendants willfully violated Plaintiff's exclusive rights to his Copyrights in regard to making an unlawful and unauthorized copy and infringing as follows:

(a) the exclusive right to **reproduce** its Works in Copies in violation of *17 U.S.C. §106(1) and §501*

(b) **distribute copies** of the Works to the public in violation of *17 U.S.C. §106(3) and §501*

(c) **publicly displaying** the copyrighted *Works in violation of 17 U.S.C. §106(5)*

*and §105* by showing individual images of the Works.

32. Thus, they intentionally infringed, and acted in complete disregard of Plaintiff's exclusive rights which, by law, Defendants are presumed to know and must follow.

33. Defendants committed infringements "willfully" within the meaning of 17 U.S.C. §504(c)2 as they clearly understand copyright law by their own use of a copyright symbol on their own website. They cannot claim ignorance or a lack of understanding of the purpose or importance of copyright law.

34. As a result of Defendants' willful violations of *Title 17 of the U.S. Code*, Defendant is liable to pay any actual damages pursuant to *17 U.S.C. §504(b)*, or statutory damages in an amount from $750 up to $150,000.00 per infringement pursuant to *17 U.S.C§ 504(c)*.

35. As a result of the Defendants' violations of *Title 17 of the U.S. Code*, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to *17 U.S.C § 505*. Plaintiff seeks costs and reasonable attorney fees.

36. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of Defendant's copyright pursuant to *17 U.S.C. § 502* to prevent Defendant and/or their agents, representatives, successors, assigns, contractors and others from

engaging in future acts of infringement of Plaintiff's valuable copyrighted works.

37.   WHEREFORE, Plaintiff seeks, at its election, its actual damages or statutory damages plus an award of attorney fees incurred as prevailing party to this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

- For an award of actual damages and disgorgement of all of Defendants profits attributable to the infringement as provided by *17 U.S.C. §504* in an amount to be proven at trial, or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount authorized by the United States Copyright Law;

- For an order pursuant to *17 U.S.C. §502(a)* enjoining Defendants from any further infringing use of any of Plaintiff's Image.

- To declare Plaintiff the prevailing party to this litigation.

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to *17 U.S.C. §505*;

- For an award of pre and post-judgment interest; and

- For any other relief the Court deems just and proper.

- Plaintiff hereby demands a jury trial

**DUTY TO PRESERVE EVIDENCE:** This shall serve as notice to Defendants of their duty to preserve all potentially relevant evidence, no matter how stored or maintained.

Respectfully Submitted.

DATED: November 17 2025

**THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**

By: /s/ Steven C. Vondran, Esq.
Steven C. Vondran, [SBN 232337]
Attorney for Plaintiff, Paul Velgos
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone: (877) 276-5084
E-mail: steve@vondranlegal.com